IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

                                    ORDER

                                14-cr-113-wmc-1

    v.

ANTHONY DEVON BURNETT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Anthony Devon Burnett's supervised release was held on January 7, 2015, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Peter Jarosz appeared for the government. The defendant was present in person and by counsel, Paul F. X. Schwartz. Also present was U.S. Probation Officer Jelani Brown.

## BACKGROUND

From the record, the defendant was sentenced in the Middle District of Alabama on January 7, 2011, following his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 60 months, with a 36-month term of supervised release to follow.

The defendant began his term of supervised release in the Western District of Wisconsin on March 25, 2014. Jurisdiction was formally transferred to this district on November 3rd. On December 8, 2014, the defendant's supervised release was revoked by this court based on factual

findings set forth in the court's written order of the same date (dkt. #8), with sentencing to proceed upon completion of a mental health evaluation. That evaluation was completed on December 21, 2014 and recommends placement of the defendant in a residential reentry center for a period of six to 12 months to address his PTSD, depression, alcoholism, addiction and aggression.

Title 18 U.S.C. § 3583(h) authorizes another term of supervised release if the defendant's term of supervised release is revoked. The defendant's criminal history category is VI. With a Grade C violation, he has an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which the defendant can be sentenced upon revocation is two years based on his original conviction for a Class C felony.

## CONCLUSIONS

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines Manual, I have selected a sentence below the guideline range to hold the defendant accountable for his actions, to protect the community, and for specific and general deterrence.

## ORDER

IT IS ORDERED that the defendant is sentenced to two years' supervised release with the addition of the following special conditions:

> The defendant will be required to spend 180 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. The defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. The defendant is to pay his own medical,

expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence.

The defendant shall remain in custody until admission to the residential reentry center and be required to wear a location monitor while at the center to ensure he remains on their premises except as specifically authorized in advance by his probation officer, and for 90 days thereafter to ensure his successful transition back into the community.

All other conditions previously imposed shall remain in effect.

Entered this 7th day of January 2015.

BY THE COURT:

William M. Conley
District Judge