IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,

                                  ORDER

                                 14-cr-113-wmc-1

    v.

ANTHONY DEVON BURNETT,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    A hearing on the probation office's petition for judicial review of Anthony Devon Burnett's supervised release was held on January 29, 2015, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Munish Sharda appeared for the government. The defendant was present in person and by counsel, Paul F. X. Schwartz. Also present was Supervisory U.S. Probation Officer Michael Bell.

FACTS

    From the record and stipulation, I make the following findings of fact. The defendant was sentenced in the Middle District of Alabama on January 7, 2011, following his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 60 months with a 36-month term of supervised release to follow.

    The defendant began his term of supervised release in the Western District of Wisconsin on March 25, 2014. Jurisdiction was formally transferred to this district on November 3, 2014.

On December 8, 2014, the defendant's supervised release was revoked for failing to comply with reporting requirements. The sentencing in that matter proceeded after completion of a mental health evaluation filed under seal with the court on December 23, 2014. The defendant was sentenced on January 7, 2015, to time served, to be followed by a two-year term of supervised release. Special conditions requiring placement at a residential reentry center and location monitoring were imposed.

The defendant was released from state custodial holds on the evening of January 22, 2015. He violated Standard Condition No. 2 and Standard Condition No. 3 of his conditions of supervised release requiring him to report to the probation officer as directed and follow the instructions of the probation officer. He also failed to report to the U.S. Probation Office as instructed on January 23rd to begin placement at Rock Valley Community Programs, Inc., pursuant to the court order. When the defendant finally arrived at the U.S. Probation Office during the late afternoon of January 23, a breath test indicated that his blood alcohol concentration was 0.015%. The defendant told U.S. Probation Officer Jelani Brown that he consumed one beer on the night of January 22, although this statement is inconsistent with the blood alcohol test reading.

The defendant's conduct falls into the category of Grade C violations. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release if the defendant's term of supervised release is revoked.

CONCLUSIONS

The court will not revoke supervision at this time, but will modify his conditions of release as set forth below.

ORDER

IT IS ORDERED that the defendant's term of supervised release is CONTINUED as entered on January 21, 2015, with the addition of the following special conditions:

>The defendant will be required to spend 180 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. The defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. The defendant is to pay his own medical, expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. This special condition will address the correctional and rehabilitative needs in this case as evidenced by his recent non-compliance. The defendant shall remain in the custody of the U.S. Marshal until the BOP can designate placement to an appropriate residential reentry center.
>
>The defendant shall be required to wear a location monitoring device while at the residential reentry center to ensure he remains on the premises except as specifically authorized in advance by his probation officer, and for 90 days thereafter to ensure his successful transition back into the community. This special condition will also address the correctional and rehabilitative needs in this case as evidenced by his recent non-compliance.
>
>The defendant shall abstain from the use of alcohol and not enter any establishment whose primary business is the sale of alcoholic beverages. This special condition will address the behavior that resulted in the defendant's return to court in this matter.

All conditions previously imposed shall remain in effect.

Entered this 29th day of January 2015.

BY THE COURT:

_____
Honorable William M. Conley
District Judge

3